UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARIA CAMEY, *on behalf of herself and*
*others similarly situated*

                                    Plaintiff,

            - against -

LUCY MANGUAL, *et al.*,

                               Defendants.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**

11-cv-5474 (SLT) (RML)

**TOWNES, United States District Judge:**

       By letter dated January 2, 2012 [D.E. 8], Defendants request a pre-motion conference seeking permission to file a motion to dismiss pursuant Rule 12 of the Federal Rules of Civil Procedure. When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all of the factual allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Jaghory v. New York State Dept. of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Defendants argue that the complaint should be dismissed as to Defendants Lucy Mangual and Randy Mangual because they were not Plaintiff's employers as defined by the Fair Labor Standards Act ("FLSA") under which Plaintiff brings this complaint. However, Plaintiff alleges that Lucy Mangual is the owner of the company where Plaintiff worked, and that both Lucy and Randy Mangual were her employers. (Compl. at ¶¶ 5-12.) Plaintiff is entitled to discovery, and arguments on this point are not appropriate until the summary judgment stage. Defendants also argue that Plaintiff has not provided enough specificity in her FLSA claims regarding the dates and times of her work schedule. Plaintiff alleges that she worked for Defendants from December of 2006 until July 28, 2010. (Compl. ¶¶ 15-16.) She further alleges that she worked an average of 70 hours per week and that her "workday often exceeded (10) hours." (Compl. at ¶¶ 17-18.) Plaintiff's allegations will not be deemed insufficient because

Defendants have the detailed records in their possession and Plaintiff will gain access to them during discovery. Defendants' request to file a motion to dismiss on these grounds is therefore denied at this time. Additionally, the Court notes that the time to challenge Plaintiff's allegations regarding the putative collective action is when Plaintiff moves to certify a class. Defendants' arguments on this point are therefore premature at this time.

Plaintiff requests to replace the current Defendant "John Doe Corporation" with its actual name, "Lucy's Steinway Enterprises Corp." The request is granted and the complaint is deemed amended.

## CONCLUSION

For the reasons stated above, Defendants' request to file a motion to dismiss is denied. Defendants' arguments challenging a collective action are premature. Finally, the complaint is deemed amended to replace Defendant "John Doe Corporation" with "Lucy's Steinway Enterprises Corp." The Clerk of Court is respectfully directed to update the docket sheet to reflect this change.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: March 26, 2012
Brooklyn, New York